IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

VAN LE,

                Plaintiff,                Case No. 1:08 CV 2155

-vs-

                                              MEMORANDUM   OPINION

MAGGIE BEIGHTLER,

                Defendant.

KATZ, J.

This matter is before the Court on Petitioner Van Le's objections (Doc. 10) to the September 9, 2009, Report and Recommendation ("R&R") of the United States Magistrate Judge (Doc. 9), recommending that the Court deny the petition for a writ of habeas corpus.. In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings to which the Plaintiff objects. For the following reasons, the Court finds Plaintiff's objections are not well taken and the same are denied.

**I. Background**

The Court hereby adopts the Magistrate Judge's description of the factual and procedural background of this case, as Le does not contest this portion of the R&R**:**

                                          **I. Facts**
        In a habeas corpus proceeding instituted by a person in custody pursuant to
the judgment of a state court, factual determinations made by state courts "shall be
presumed to be correct." 28 U.S.C. § 2254(e)(1); see also *House v. Bell*, 283 F.3d
37 (6th Cir. 2002). The state appellate court summarized the facts underlying Le's
conviction as follows:
            {¶ 2} On November 16, 2003, Mr. Le drove his vehicle to a store
            located at 6402 Lorain Avenue in Cleveland, Ohio, which was
            owned and operated by victim Srey Trinh. While in the parking lot,
            Mr. Le opened the hood of Trinh's vehicle and removed the spark
            plugs. Mr. Le then entered the store and approached the counter

>with a CD in his hand. When Trinh turned away from Mr. Le, he
>attacked her with a pipe, beating her repeatedly for approximately
>five minutes. During the beating, Mr. Le asked Trinh if she wanted
>to die. Mr. Le then removed $160.00 from the cash register and fled
>the store. Store surveillance captured the attack on video.
>
>{¶ 3} Trinh managed to get herself to a neighboring bar where
>witnesses called 911. One witness ran after Mr. Le and documented
>his license plate number as he drove off. Trinh was transported to
>Metro Hospital where hospital staff treated her for serious injuries to
>her head, arms, and hands. The victim spent five days at Metro and
>then spent an additional five days in a rehabilitation facility/nursing
>home. At the time of this appeal, Trinh still suffered from physical
>and mental trauma.

(Doc. No. 7-3, Exh. 6, ¶¶ 2-3.)

## II. Procedural History

### A. Conviction

On December 24, 2003, a Cuyahoga County Grand Jury indicted Le on one count of aggravated robbery, two counts of felonious assault, one count of kidnapping, one count of resisting arrest, and one count of attempted aggravated murder. (Resp. Exh. 1.)

On February 27, 2004, Le entered a plea of guilty to aggravated robbery and one of the two felonious assault charges. (Resp. Exh. 2.) The state nolled the remaining counts. *Id*. On March 10, 2004, Le was sentenced to ten years for aggravated robbery and eight years for felonious assault. The prison terms were ordered to be served consecutively, for an aggregate sentence of eighteen years. (Resp. Exh. 3.)

### B. Direct Appeal

Le, through counsel, filed a timely Notice of Appeal with the Court of Appeals for the Eighth District ("state appellate court") raising the following assignments of error:

>1. The trial court committed prejudicial error in violation of R.C. 2929.14 by imposing maximum, consecutive sentences.
>
>2. The record does not clearly and convincingly support the court's conclusion that the maximum consecutive sentence imposed in this case is consistent with sentences imposed in similar cases with similar offender [sic] in contravention of R.C. 2929.11(B) and *State v. Comer* (2003), 99 Ohio St.3d 462.
>
>3. Appellant's sentence was imposed in violation of the Fifth, Sixth and Fourteenth amendments to the United States Constitution and *Blakely v. Washington* (2004), 124 S.Ct. 2531, since appellant's maximum, consecutive sentence was based on judicial finding, as opposed to jury finding and/or stipulations.
>
>4. Appellant's trial counsel was ineffective and/or the trial court committed plain error in failing to recognize appellant's defense of

> voluntary intoxication.

(Resp. Exh. 4.) On March 14, 2005, the state appellate court affirmed Le's conviction. (Resp. Exh. 6.)

On April 22, 2005, Le, through counsel, filed a Notice of Appeal to the Ohio Supreme Court raising a single proposition of law:

> A trial court that imposes a sentence by using factors which are not found by a jury or admitted by the defendant violates the defendant's rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(Resp. Exh. 7.) The Ohio Supreme Court accepted the appeal, *sua sponte*. (Resp. Exh. 9.) On May 3, 2006, the case was reversed and remanded to the trial court for resentencing consistent with *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). (Resp. Exh. 10.)

### C. Resentencing

On August 28, 2006, Le, represented by different counsel, was resentenced in the Cuyahoga County Common Pleas Court to the same term of incarceration as originally imposed. (Resp. Exh. 11.)

Le, through counsel, filed a timely Notice of Appeal in the Eighth District Court of Appeals, Cuyahoga County, Ohio raising two assignments of error:

> 1. The trial court erred by imposing non-minimum, maximum, and consecutive sentences in violation of the Due Process and Ex Post Facto clauses of the United States Constitution, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; *Blakely v. Washington* (2004), 542 U.S. 296; *United States v. Booker* (2005), 543 U.S. 220.
> 2. The trial court did not have the authority to impose consecutive sentences.

(Resp. Exh. 12.) On August 20, 2007, the sentence was affirmed. (Resp. Exh. 15.)

Le, through counsel, filed a timely appeal to the Ohio Supreme Court, raising two propositions of law:

> I. The remedy that this Court set forth in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 violates the Ex Post Facto and Due Process Clauses of the United States Constitution.
> II. Trial courts do not have the authority to impose consecutive sentences.

(Resp. Exh. 16.) On December 26, 2007, the appeal was dismissed "as not involving any substantial constitutional question." (Resp. Exh. 17.)

### D. Federal Habeas Petition

Le, through counsel, filed a timely Petition for Writ of Habeas Corpus asserting the following ground for relief:

> **Ground One:** The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio

3

>    Sup. Ct. 2006) violates the Ex Post Facto and Due Process Clauses
>    of the United States Constitution.
>    **Supporting Facts,** in pertinent part:
>    In accordance with its decision in *State v. Foster*, the Ohio
>    Supreme Court reversed and remanded Mr. Le's case for
>    resentencing. But on November 16, 2003, the date on which the
>    offenses occurred in this case, the factual findings mandated by
>    Ohio Rev. Code Ann. § 2929.14(B); R.C. 2929.14(C); and R.C.
>    2929.14(E) (2003) were required to be made at a sentencing hearing
>    and in a journal entry of conviction. As such, during Mr. Le's
>    resentencing hearing, the trial court was required to sentence him
>    under the Senate Bill 2 provisions that were in effect at the time of
>    his purported crimes. Any sentence that included
>    non-minimum, maximum, or consecutive prison terms – but omitted
>    the findings required by Ohio Rev. Code Ann. § 2929.14(B); R.C.
>    2929.14(C); or R.C. 2929.14(E)(4) (2003) – violated the Ex Post
>    Facto and Due Process Clauses of the United States Constitution.
>
> (Doc. No. 1, pp. 14, 16.)

The Magistrate recommended denying the writ. This Court conducts a *de novo* review of the Magistrate's R & R. 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

**II. Standard of Review**

The standards set forth in Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254(d), govern a federal district court's review of a state court decision on a writ of habeas corpus. *French v. Jones,* 332 F.3d 430, 435-436 (6th Cir. 2003). The statute establishes two circumstances in which a federal court may issue a writ. First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Second, a federal court may issue a writ if the state court's decision was based on an unreasonable determination of the facts in light of the evidence. § 2254(d)(2).

A state court's decision is "contrary to" the clearly established federal law when either the decision contradicts the Supreme Court's holdings or it "'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent.'" *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)). A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts of petitioner's case." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotation marks omitted)).

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id*.

## III. Discussion

In his Objection, Petitioner renews his argument that his resentencing under *State v. Foster*, 109 Ohio St.3d 1 (2006) violated his right to due process of law under the Fourteenth Amendment and Ex Post Facto Clause. He argues that *Foster* represents the sort of "unexpected and indefensible" retroactive judicial enlargement of a criminal statute that is condemned by the Fourteenth Amendment's Due Process Clause. See *Bouie v. Columbia*, 378 U.S. 347, 354 (1964).

The Ohio Supreme Court's decision in *Foster* was necessitated by the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Prior to *Blakely*, Ohio, like many other states and the federal government, required sentencing a defendant to minimum and concurrent terms of incarceration within the sentencing range for a given crime, unless the

sentencing court determined that certain factors mandated longer and consecutive sentences. This regime called for judicial factfinding of the sort prohibited by *Blakely*. In *Foster*, the Ohio Supreme Court severed these unconstitutional provisions from the rest of the sentencing scheme and directed sentencing courts as follows:

> Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively.

*Foster*, 109 Ohio St. 3d at 30. In the instant case, the sentencing court re-sentenced Le to the same sentence it had imposed before, except without making specific findings of fact, as was appropriate under *Foster*.

The Supreme Court announced the applicable test for measuring whether a retroactive judicial enlargement of a criminal statute violates the Fourteenth Amendment in *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001). In *Rogers*, the Court severely limited its prior holding in *Bouie*, interpreting that earlier decision as having "rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Thus, the Court's holding in *Bouie* was grounded on the fact that the South Carolina Supreme Court in *Bouie* had retroactively criminalized conduct that was previously innocent without "fair warning." *Rogers*, 532 U.S. at 457-458.

Under *Bouie*, as reconstructed by *Rogers*, the Ohio Supreme Court's action in *Foster* did not deprive Le of "fair warning" that his conduct was criminal. *Foster* did not criminalize any conduct that was previously innocent, nor did it increase the maximum penalty for any crime. Additionally, the *Foster* Court directed that judges be guided in their new discretion by the same

6

sentencing factors that had previously justified upward departures. *Foster*, 109 Ohio St.3d 1, 30. Indeed, Le received the same penalty for his crime prior to *Foster* as he did afterwards. Both before and after *Foster*, Le had clear notice of both the illegality and the severity of his criminal acts. Thus, Le's resentencing did not violate the Fourteenth Amendment. Cf. *Dobbert v. Florida*, 432 U.S. 282 (1977) (Procedural changes in the role of judge and jury in death penalty sentencing do not violate the Ex Post Facto Clause).

**IV. Conclusion**

For the above stated reasons, the findings and recommendations of the Magistrate are adopted. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case, as any appeal would lack substantial merit. Le's petition for a writ of habeas corpus is therefore denied.

IT IS SO ORDERED.

       s/ *David A. Katz*
       DAVID A. KATZ
       U. S. DISTRICT JUDGE